Exhibit A



| Case Information Summary for Case Number |
|---|
| 2020-L-003085 |

Filing Date: 03/13/2020

Division: Law Division
Ad Damnum: $250000.00

Case Type: OTHER
COMMERCIAL LITIGATION
District: First Municipal
Calendar: I

## Party Information

**Plaintiff(s)**
LI JAY

**Attorney(s)**
LATIMER LEVAY FYOCK LLC
55 W MONROE #1100
CHICAGO IL, 60603
(312) 422-8000

**Defendant(s)**
J.P. MORGAN CHASE BANK,
N

**Defendant Date of Service**

**Attorney(s)**

## Case Activity

Activity Date: 03/13/2020

Participant: LI JAY

### OTHER COMMERCIAL LITIGATION COMPLAINT FILED (JURY DEMAND)

Court Fee: 600.50
Ad Damnum Amount: 250000.00

Attorney: LATIMER LEVAY FYOCK LLC

Activity Date: 03/13/2020

Participant: LI JAY

### EXHIBITS FILED

Ad Damnum Amount: 250000.00

Attorney: LATIMER LEVAY FYOCK LLC

Activity Date: 03/13/2020

Participant: LI JAY

### SUMMONS ISSUED AND RETURNABLE

Ad Damnum Amount: 250000.00

Attorney: LATIMER LEVAY FYOCK LLC

Activity Date: 03/13/2020

Participant: LI JAY

### CASE SET ON STATUS CALL

Date: 05/08/2020
Court Time: 0930

Judge: MULROY THOMAS R JR.

Activity Date: 03/13/2020

Participant: LI JAY

### CASE SET ON INDIVIDUAL CALENDAR

Activity Date: 04/01/2020                    Participant: J.P. MORGAN CHASE BANK, N

SUMMONS RETURNED - N.S. REASON: OTHER REASON

Date: 04/01/2020                              Microfilm: LD000000000

Activity Date: 04/07/2020                                Participant: LI JAY

ELECTRONIC NOTICE SENT

Judge: MULROY THOMAS R JR.

Attorney: LATIMER LEVAY FYOCK LLC

Microfilm: LD000000000

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JAY LI, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2020 L 003085 |
| | ) | |
| J.P. MORGAN CHASE BANK, N.A., | ) | JURY DEMANDED |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

*Notice and Acknowledgment of Receipt of Summons and Complaint*

NOTICE

To:    Jonathan H. Claydon
Brian Straw
Greenberg Traurig
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
claydonj@gtlaw.com
bstraw@gtlaw.com

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been sent via electronic mail on April 10, 2020.

1

_____/s/ Alexander I. Passo_____
Robert S. Minetz
Alexander I. Passo
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
312-422-8000
rminetz@llflegal.com
apasso@llflegal.com

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at (inset address).

PRINT or TYPE Name ___Jonathan H. Claydon_____

Relationship to Entity/Authority to Receive Service of Process
_Attorney for Defendant, J.P. Morgan Chase Bank, N.A._

(Not Applicable if you are the named Defendant or Respondent)

Signature _____

Date of Signature __April 16, 2020_____

 *(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.
 **(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

2

FILED
3/13/2020 4:21 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
8864678

FILED DATE: 3/13/2020 4:21 PM   2020L003085

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JAY LI, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 2020L003085 |
| | ) |
| J.P. MORGAN CHASE BANK, N.A., | )    JURY DEMAND |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Jay Li (hereinafter "Plaintiff"), by and through his attorneys, Robert S. Minetz, Alexander I. Passo, and Latimer LeVay Fyock LLC, complains against J.P Morgan Chase, N.A, and states in support as follows:

### INTRODUCTION

1.      This action stems from Plaintiff's storage of valuables in a safety deposit box at a J.P. Morgan Chase bank facility.  Without his consent or knowledge, J.P. Morgan Chase permitted a third-party to drill open the safety deposit box and remove the Plaintiff's valuable items.  Plaintiff has been unable to recover any of these items, and therefore has been damaged by J.P. Morgan Chase's negligence.

### PARTIES

2.      Plaintiff is an individual residing at 3507 S. Maplewood Avenue, Unit 8, Chicago, IL 60632.

3.      On information and belief, Defendant is a Delaware corporation with headquarters at 270 Park Avenue, New York, NY 10017, Defendant's branch bank 900 at 10 South Dearborn Street,

1

Chicago, Illinois 60603, is the location wherein the actions which gave rise to this Complaint occurred.

4.     Defendant is engaged in the offer for sale, promotion, and operation of safe deposit boxes, among other banking and finance activities.

## JURISDICTION AND VENUE

5.     This Court has subject matter and personal jurisdiction pursuant to 735 ILCS 5/2-209. Defendants' transacted business, committed a tortious act or acts, and made or promised to perform a contract within the State of Illinois.

6.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101 and 735 ILCS 5/2-102. The transaction and tortious conduct that gives rise to this action occurred within Cook County, Illinois.

## STATEMENT OF FACTS

7.     On August 15, 2018, Plaintiff opened a safe deposit box with Defendant.

8.     On that same day, Defendant charged Plaintiff the First Annual Rent. A bank statement showing that charge is attached as **Exhibit A.**

9.     Following the leasing of the safe deposit box, on or after August 15, 2018, Plaintiff deposited the following items of monetary and sentimental value into the safe deposit box:

      a.     A letter containing Plaintiff's TSA Pre-Check Number;

      b.     A ring made in 1937, gifted to the Plaintiff by his deceased grandfather to be worn when he gets married. It has the Chinese characters "奉天足金";

      c.     An unopened letter from Plaintiff's deceased grandfather to be opened only when he gets married. The letter is precious to Plaintiff and its sentimental value is beyond numbers. It is irreplaceable, and no copy of it exists elsewhere;

2

FILED DATE: 3/13/2020 4:21 PM   2020L003085

FILED DATE: 3/13/2020 4:21 PM    2020L003085

d.    Two Rolex watches gifted to Plaintiff on March 5, 2012, and December 14, 2014. Attached as **Exhibit B** are pictures of the watches with their respective warranty cards. They were gifts from family members to wish him a good life in the United States, and therefore have high sentimental value to Plaintiff; and

e.    $71,200 in cash.

10.    Plaintiff put these valuables into the safe deposit box in reliance that they would be safe from theft in the Defendant's care.

11.    Andrew Gahan ("Gahan") is branch manager at the location wherein Plaintiff's leased safe deposit box was located.

12.    On April 12, 2019, Gahan authorized the drilling and opening of Plaintiff's safe deposit box for the reason of an "Emergency Drill."

13.    Plaintiff was never warned, advised, or consulted prior to the drilling.

14.    Following the drilling, all valuables in the box were removed and taken by an unknown individual.

15.    As of April 12, 2019, Plaintiff was no longer be able to use the safe deposit box services – the box had been destroyed and all content stolen.

16.    On August 15, 2019, Defendant nevertheless charged Plaintiff the annual rental fee for the destroyed and now non-existent safe deposit box. An invoice evidencing the charge is attached as **Exhibit C**.

17.    On November 6, 2019, Plaintiff visited the branch to attempt to access the safe deposit box, which he believed to be intact and holding his valuables.

18.    A bank employee informed Plaintiff that the box had been drilled, and the contents were gone.

3

FILED DATE: 3/13/2020 4:21 PM    2020L003085

19.     On November 6, 2019, Gahan informed Plaintiff of the April 12, 2019, drilling and removal.

20.     Plaintiff has been unable to ascertain any additional information regarding the handling or location of his valuables.

21.     Defendant has conceded that the valuables had been removed from the safe deposit box by a yet unidentified third party.

22.     The valuables had been missing for 86 days by the time Plaintiff was informed of the drilling of his safe deposit box.

23.     Plaintiff demanded the return of his valuables or just compensation in the alternative; however, the Defendant has failed to provide either remedy.

24.     Defendant escalated the issue to the "executive office," who was meant to resolve the matter.

25.     Plaintiff called the "executive office" 22 times from November 6, 2019, to December 5, 2019, to resolve the situation and obtain answers.

26.     The only response he ever received was that "we are still investigating."

27.     On January 17, 2020, Plaintiff visited the Branch wherein his safe deposit box had been located and confirmed that the contract card did not have his signature assenting to the Agreement.

28.     Plaintiff also confirmed that there is no electronic signature system for the contract card.

29.     Defendant has refused to provide any additional information on the circumstances surrounding the drilling of Plaintiff's leased box or the theft of his valuables.

4

FILED DATE: 3/13/2020 4:21 PM   2020L003085

## COUNT I
### Willful and Wanton and/or Gross Negligence

30.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

31.     Defendant had a duty to safeguard the Plaintiff's safety deposit box and prohibit any third-parties from accessing it without consent.

32.     Defendant breached this duty in an intentional and/or willful misconduct evidenced by, without limitation: (a) Defendant's basic failure to even attempt to contact Plaintiff regarding the potential drilling of his safe deposit box, prior to said action; (b) Defendant's blatant disregard for Plaintiff's valuables, before and following the drilling, in that it made no attempt to safekeep them, no attempt to contact Plaintiff, and allowed an unknown party to abscond with said valuables; (c) Defendant's conscious effort to cover up its misconduct by failing to inform Plaintiff of the drilling until 86 days later when he came to them seeking his valuables, purposely refusing to give Plaintiff any information regarding the circumstances of the theft even through 22 phone calls in less than a month, wherein the only information he received was that it was investigating, and encouraging a systematic failure of all systems in place to safekeep property, by not taking the basic steps to ensure that a box being drilled needed to be drilled, not contacting the lessee of said box, not ensuring the contents of said box were accounted for, and (d) actively avoiding taking action after the owner sought information on their whereabouts.

33.     Defendant's conscious and continuous efforts to disregard or ignore the opportunity to prevent the situation leading to the theft of Plaintiff's valuables, remedy the situation after, and conduct a thorough and honest investigation into the theft of the Plaintiff's valuables, constitutes willful and/or intentional misconduct.

n:\clients\67051-01\docs\2020.02.12 complaint.aip.doc

FILED DATE: 3/13/2020 4:21 PM    2020L003085

34.     Defendant's misconduct, as described herein, was not only intentional but also reckless in that the Defendant, was aware of but consciously disregarded a substantial and unjustifiable risk to the Plaintiff's valuables of such a nature that Defendant's disregard of the risk of loss to Plaintiff constitutes a gross deviation from the standard of care that an ordinary person or a financial institution employing reasonable commercial practices would have exercised under the circumstances.

35.     Plaintiff has been seriously injured due to loss of high value and irreplaceable personal valuables, and has suffered mental and emotional anguish as a result.

36.     Defendant's conduct was willful, reckless, malicious, and grossly negligent, warranting heightened damages.

WHEREFORE, Plaintiff, Jay Li, respectfully requests that this Court enter a judgment in his favor against Defendant, J.P. Morgan Chase, N.A., in an amount in excess of $250,000.00, and award punitive damages, interest, attorneys' fees, costs, and any further relief that this Court deems just and appropriate.

## COUNT II
### Negligence

37.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

38.     Defendant had a duty to safeguard the Plaintiff's safety deposit box and prohibit any third-parties from accessing it without consent.

39.     Defendant breached this duty as evidenced by, without limitation: (a) Defendant's basic failure to even attempt to contact Plaintiff regarding the potential drilling of his safe deposit box, prior to said action; (b) Defendant's blatant disregard for Plaintiff's valuables, before and following the drilling, in that it made no attempt to safekeep them, no attempt to contact Plaintiff,

n:\clients\67051-01\docs\2020.02.12 complaint.aip.doc

FILED DATE: 3/13/2020 4:21 PM    2020L003085

and allowed an unknown party to abscond with said valuables; (c) Defendant's conscious effort to cover up its misconduct by failing to inform Plaintiff of the drilling until 86 days later when he came to them seeking his valuables, purposely refusing to give Plaintiff any information regarding the circumstances of the theft even through 22 phone calls in less than a month, wherein the only information he received was that it was investigating, and encouraging a systematic failure of all systems in place to safekeep property, by not taking the basic steps to ensure that a box being drilled needed to be drilled, not contacting the lessee of said box, not ensuring the contents of said box were accounted for, and (d) actively avoiding taking action after the owner sought information on their whereabouts.

40.     Defendant's conscious and continuous efforts to disregard or ignore the opportunity to prevent the situation leading to the theft of Plaintiff's valuables, remedy the situation after, and conduct a thorough and honest investigation into the theft of the Plaintiff's valuables, a breach of Defendant's duty of care.

41.     Plaintiff has been seriously injured due to loss of high value and irreplaceable personal valuables, and has suffered mental and emotional anguish as a result.

WHEREFORE, Plaintiff, Jay Li, respectfully request that this Court enter a judgment in his favor against Defendant, J.P. Morgan Chase, N.A., in an amount in excess of $250,000.00, and award interest, attorneys' fees, costs, and any further relief that this Court deems just and appropriate.

**COUNT III**
**<u>Breach of Bailment</u>**

42.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

7

FILED DATE: 3/13/2020 4:21 PM    2020L003085

43.     Plaintiff temporarily gave control over and possession of his valuables to Defendant for the purpose of safekeeping in the form of safe deposit box leasing services performed, in exchange for payment for the service rendered.

44.     Defendant, as bailee, failed to care for Plaintiff's valuables adequately and failed to supervise Plaintiff's leased safe deposit box, and are liable for costs associated with Plaintiff's loss.

45.     Plaintiff, as bailor, delivered his valuables into the leased safe deposit box to Defendant created a bailment.

46.     Defendant, as the bailee, had sole actual and physical possession of the safe deposit box and the valuables therein.

47.     Defendant breached the bailment because the safe deposit box was drilled, opened, and the valuables within taken, and not returned to Plaintiff in their undamaged condition.

48.     Plaintiff has been damaged by Defendant's conduct.

49.     Defendant's conduct was malicious, oppressive, and fraudulent warranting significant damages.

WHEREFORE, Plaintiff, Jay Li, respectfully request that this Court enter a judgment in his favor against Defendant, J.P. Morgan Chase, N.A., in an amount in excess of $250,000.00, and award interest, attorneys' fees, costs, and any further relief that this Court deems just and appropriate.

Dated: March 13, 2020                          Respectfully submitted,

                                                _____/s/  Alexander I. Passo_____
                                                One of Plaintiff's Attorneys

Robert S. Minetz
Alexander I. Passo
Latimer LeVay Fyock LLC – Firm No. 47473
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
rminetz@llflegal.com; apasso@llflegal.com

n:\clients\67051-01\docs\2020.02.12 complaint.aip.doc

FILED
3/13/2020 4:21 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 3/13/2020 4:21 PM   2020L003085

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JAY LI, an individual,                    )
                                          )
      Plaintiff,                    )
                                          )
      v.                            )    No. 2020L003085
                                          )
J.P. MORGAN CHASE BANK, N.A.,             )    JURY DEMAND
a Delaware corporation,                   )
                                          )
      Defendant.                    )

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Alexander I. Passo, being duly sworn on oath, deposes and states as follows:

1.     I am one of the attorneys for the Plaintiff, Jay Li, in this cause.

2.     The total amount of money damages sought in this cause exceeds $30,000.

Further, affiant sayeth naught.

Dated: March 13, 2020          /s/ Alexander I. Passo
                                     Alexander I. Passo

9

FILED DATE: 3/13/2020 4:21 PM   2020L003085

# EXHIBIT A

FILED DATE: 3/13/2020 4:21 PM 2020L003085



EXHIBIT

A

## SAFE DEPOSIT BOX CONTRACT CARD

| Box Number | Box Size | Account Number | Branch Number | Date Rented | Primary Lessee/Tenant Name (Please Print) |
|---|---|---|---|---|---|
| 4795 | 3x5 | | 900 | 8/5/18 | Jay Li |

### Lessee/Tenant Information

| (Check one) | | | |
|---|---|---|---|
| ☑ Individual/Joint | Lessee 1 Name: Jay Li | Lessee 1 Signature: |
| ☐ Fiduciary (Trust Estate) | Lessee 2 Name: | Lessee 2 Signature: |
| | Lessee 3 Name: | Lessee 3 Signature: |
| | Lessee 4 Name: | Lessee 4 Signature: |

☐ Business
(Corp, Sole Prop,
Non-Profit, Government)

Name of Business/Unincorporated Association:

By

Name: _____ Title: _____ Signature: _____

☐ SDB Resolution (or legal documentation) attached

### Acceptance of Terms of Contract Card

By signing this Contract Card, I/we acknowledge receipt of two keys, the JPMorgan Chase Bank, N.A. Safe Deposit Box Lease Agreement and Service Confirmation, and agree to be bound by this agreement and terms contained therein, as they may be amended. I/We also understand that the annual payment (unless waived) will be debited from my/our account number provided below (required).

☒ Checking     ☐ Savings     Account Number: _____

I/We acknowledge the annual payment (unless waived) can be debited from any account held in my/our name in the event my account is closed, or funds are not available at the time the rental fee is due.

### Appointment of Deputy

Lessee/Tenant(s) hereby appoint(s) 1. _____ 2. _____ whose signature(s) appear(s) below as my/our Deputy(ies), each individually and separately to have full control and access to the box, to remove and add to the contents, and to surrender or exchange the box and release the Bank of all liability Deputy(ies) agree(s) to abide by the terms of the Bank's Safe Deposit Box Lease Agreement.

| Lessee/Tenant Signature: | Date: | Lessee/Tenant Signature: | Date: |
|---|---|---|---|
| Deputy Signature: | Date: | Deputy Signature: | Date: |

### Revocation of Deputy

The appointment of the following deputy(ies) is hereby revoked: 1. _____ 2. _____

| Lessee/Tenant Signature: | Date: | Lessee/Tenant Signature: | Date: |
|---|---|---|---|
| Deputy Signature: | Date: | Deputy Signature: | Date: |



## CHASE 

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

July 25, 2018 through August 22, 2018

Account Number

### CUSTOMER SERVICE INFORMATION

| Web site. | Chase.com |
|---|---|
| Service Center | 1-800-935-9935 |
| Deaf and Hard of Hearing | 1-800-242-7383 |
| Para Espanol | 1-877-312-4273 |
| International Calls | 1-713-262-1679 |

JAY LI
3507 S MAPLEWOOD AVE UNIT 8
CHICAGO IL 60632-1032

## CHECKING SUMMARY    Chase College Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $5,961.40 |
| Deposits and Additions | 3,149.31 |
| Checks Paid | -1,500.00 |
| ATM & Debit Card Withdrawals | -995.23 |
| Electronic Withdrawals | -4,917.53 |
| Fees | -54.00 |
| Ending Balance | $1,643.95 |

Your Chase College Checking monthly service fee was waived because you had a direct deposit during the statement period.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 07/27 | Bank of America, Bank of Am | PPD ID: 9416876653 | $1,288.90 |
| 08/10 | Bank of America, Bank of Am | PPD ID: 9416876653 | 1,360.41 |
| 08/13 | Venmo       Cashout | PPD ID: 5264681992 | 500.00 |
| **Total Deposits and Additions** | | | **$3,149.31** |

## CHECKS PAID

| CHECK NO. | DESCRIPTION | DATE PAID | AMOUNT |
|---|---|---|---|
| 177 ^ | | 08/01 | $1,500.00 |
| **Total Checks Paid** | | | **$1,500.00** |

If you see a description in the Checks Paid section, it means that we received only electronic information about the check, not the original or an image of the check. As a result, we're not able to return the check to you or show you an image.

^ An image of this check may be available for you to view on Chase.com.

FILED DATE: 3/13/2020 4:21 PM    2020L003085

FILED DATE: 3/13/2020 4:21 PM  2020L003085

## CHASE ○

July 25, 2018 through August 22, 2018
Account Number

### ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/14 | Educational Comp Epayment  0053509544805  Web ID: 2251222771 | 562.95 |
| 08/20 | Quickpay With Zelle Payment To Mingrun Du 7415547281 | 170.00 |
| 08/22 | Venmo       Payment   1281991177     Web ID: 3264681992 | 50.00 |
| **Total Electronic Withdrawals** | | **$4,917.53** |

### FEES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/15 | Payment To Safe Deposit Box Xxxxxxxxxx5609 | $54.00 |
| **Total Fees** | | **$54.00** |



**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:** Call us at 1-866-564-2262 or write us at the address on the front of this statement (non-personal accounts contact Customer Service) immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.
For personal accounts only: We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:
   • Your name and account number
   • The dollar amount of the suspected error
   • A description of the error or transfer you are unsure of, why you believe it is an error, or why you need more information.
We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC TRANSACTIONS:** Contact the bank immediately if your statement is incorrect or if you need more information about any non-electronic transactions (checks or deposits) on this statement. If any such error appears, you must notify the bank in writing no later than 30 days after the statement was made available to you. For more complete details, see the Account Rules and Regulations or other applicable account agreement that governs your account. Deposit products and services are offered by JPMorgan Chase Bank, N.A. Member FDIC.

 JPMorgan Chase Bank, N.A. Member FDIC

FILED DATE: 3/13/2020 4:21 PM   2020L003085

# EXHIBIT B

FILED DATE: 3/13/2020 4:21 PM   2020L003085





FILED DATE: 3/13/2020 4:21 PM    2020L003085



FILED DATE: 3/13/2020 4:21 PM   2020L003085



FILED DATE: 3/13/2020 4:21 PM   2020L003085



FILED DATE: 3/13/2020 4:21 PM   2020L003085



FILED DATE: 3/13/2020 4:21 PM   2020L003085



FILED DATE: 3/13/2020 4:21 PM   2020L003065

# EXHIBIT C

FILED DATE: 3/13/2020 4:21 PM   2020L003085



**CHASE**

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

July 24, 2019 through August 23, 2019

Account Number:

JAY LI
3507 S MAPLEWOOD AVE UNIT 8
CHICAGO IL 60632-1032

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |



## CHECKING SUMMARY    Chase College Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $39.31 |
| Deposits and Additions | 1,046.69 |
| Electronic Withdrawals | -1,049.95 |
| Fees | -84.00 |
| **Ending Balance** | **-$47.95** |

Your Chase College Checking  monthly service fee was waived because you had a direct deposit during the statement period.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 07/26 | Bank of America, Bank of Am | PPD ID: 9416876653 | $16.03 |
| 07/29 | Quickpay With Zelle Payment From Sai Zhang 8476201375 | | 15.00 |
| 07/30 | Quickpay With Zelle Payment From Li, Jay Bac4C95A814A | | 1,000.00 |
| 08/09 | Bank of America, Bank of Am | PPD ID: 9416876653 | 15.66 |
| **Total Deposits and Additions** | | | **$1,046.69** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 07/24 | Paypal        Inst Xfer Itunesappst    Web ID: Paypalsi77 | | $2.99 |
| 07/30 | 07/30 Payment To Chase Card Ending IN 1155 | | 1,000.00 |
| 08/15 | Paypal        Inst Xfer Google        Web ID: Paypalsi77 | | 29.97 |
| 08/21 | Paypal        Inst Xfer Itunesappst    Web ID: Paypalsi77 | | 16.99 |
| **Total Electronic Withdrawals** | | | **$1,049.95** |

## FEES

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 08/15 | Safe Deposit Box 000900 014795-0 Annual Rent | | $50.00 |
| 08/21 | Insufficient Funds Fee For A $16.99 Item - Details: Paypal    Inst Xfer Itunesappst    Web ID: Paypalsi77 | | 34.00 |
| **Total Fees** | | | **$84.00** |

*Second year Rent fee*

Page 1 of 2