IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAY LI,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**J.P. MORGAN CHASE BANK, N.A.,**<br>a Delaware corporation,<br><br>Defendant. | Case No. 1:20-cv-02496<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Sidney I. Schenkier |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO STAY DISCOVERY**

Defendant JPMorgan Chase Bank, N.A. ("Chase," incorrectly named herein as J.P. Morgan Chase Bank, N.A.), respectfully moves this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery pending resolution of Chase's Motion to Dismiss Plaintiff's Complaint. In support of this motion, Chase states as follows:

1. In the absence of a stay, Chase will be required to expend substantial time and resources in discovery on a facially deficient claim that, as established in the Motion to Dismiss, should be dismissed as a matter of law with prejudice because: (1) Plaintiff's tort claims fail under the economic loss rule; (2) Plaintiff's bailment claim fails as his contract states clearly that the lease of a safe deposit box with Chase is a landlord-tenant relationship rather than a relationship under bailment law; and (3) Plaintiff has clearly alleged that he breached his lease agreement with Chase and, as such, cannot allege a claim for breach of contract.

2. "A stay of discovery pending resolution of a motion to dismiss avoids unnecessary discovery in the event the motion is granted." *Stokes v. City of Chicago*, 86 C 4759, 1986 WL

12311, at *1 (N.D. Ill. Oct. 24, 1986).[1] "A Rule 12(b)(6) motion tests the formal, legal sufficiency of the complaint without subjecting defendants to discovery." *Pinellas County v. Great Am. Indus. Group, Inc.*, 90 C 5254, 1991 WL 259020, at *5 (N.D. Ill. Dec. 2, 1991). For that reason, "[s]tays are often deemed appropriate where the motion to dismiss can resolve the case." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005).

3. Numerous cases in this Circuit have allowed stays in the face of a Rule 12(b)(6) challenge. *See, e.g., Cataldo v. City of Chicago*, 01 C 6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002) ("Requiring the City to locate, copy and redact the documents when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources, especially given the current procedural posture of the case."); *Hill v. Amoco Oil Co.*, 97 C 7501, 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001) ("Defendant Amoco requested, and was granted, a stay of discovery that lasted for nearly 18 months while the parties litigated a dispositive motion to dismiss."); *R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499, 1504 (N.D. Ill. 1990) ("[T]he Court, on defendants' motion, ordered that discovery be stayed pending resolution of the defendants' motion to dismiss the complaint.).

4. In this case, the dispositive issues raised by the Motion to Dismiss should be resolved before proceeding with discovery. Here, as the Motion to Dismiss demonstrates, Plaintiff's allegations concede key facts that require the dismissal of his claims. Plaintiff should

---

[1] *See also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("[T]here is no general right to discovery upon filing of a complaint. The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-69 (11th Cir. 1997) (holding that the district court should have considered motion to dismiss plaintiffs' "novel" claim, which was "dubious" and "of questionable validity," before allowing the case to proceed through discovery); *Mann v. Brenner*, 375 F. App'x 232, 239-40 (3d Cir. 2010) (affirming district court's decision to stay discovery when discovery would be futile if motion to dismiss were granted).

2

not, therefore, be allowed to proceed with expensive and time consuming discovery when the claims he pleads are facially deficient. Plaintiff admits many times over that he entered into a "lease" of the safe deposit box and confirms the existence of a contractual agreement. (Compl. ¶¶ 9, 11, 29, 43-45.) These allegations, when paired with the actual lease agreement, defeat all of Plaintiff's claims.

5. The Court has broad discretion in controlling discovery. *See Crawford–El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). It is well within the Court's authority to grant a stay of discovery pending resolution of a Rule 12(b)(6) motion to dismiss. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). In considering whether to exercise that authority, the Court should take into account the Supreme Court's admonition in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the Rule 8 pleading standard is intended to ensure that defendants can "avoid the potentially enormous expense of discovery in cases with 'no reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support a viable claim. *Id*. at 559 (*quoting Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). *See also Iqbal*, 556 U.S. at 678-79 (noting that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

6. A stay is particularly appropriate where, as here, Chase has raised dispositive threshold issues that could dispose of the claims at issue without the necessity of discovery. *See Bianchi v. Tonigan*, No. 12 C 0364, 2012 WL 5906536, *1 (N.D. Ill. Nov. 26, 2012) (Rowland, J.) ("Courts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue."); *see also E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 cv 265, 2012 WL 3138108, *2 (N.D. Ind. Aug. 1, 2012) (Rodovich, J.) (finding a stay appropriate "where the motion to dismiss can resolve the case" or "where ongoing discovery is

unlikely to produce facts necessary to defeat the motion") (quotations omitted); *Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11–cv–190–DRH, 2011 WL 2838178, *2 (S.D. Ill. July 15, 2011) (Herndon, J.) (collecting cases).

7. A stay of discovery would entail no prejudice to Plaintiff, as the Motion to Dismiss has been fully briefed for nearly five months and discovery can commence promptly in the event the Court concludes that any of Plaintiff's claims remain viable. Proceeding with discovery while the threshold legal viability of Plaintiff's Complaint remains in doubt would unnecessarily impose burdensome discovery upon Chase.

8. Notably, Plaintiff filed his Complaint on March 13, 2020. (Dkt. No. 1.) Chase filed its Motion to Dismiss on May 15, 2020, and that motion was fully-briefed as of July 9, 2020. Plaintiff, however, did not raise the issue of discovery until August 19, 2020, and never asserted that there was any need for discovery related to the dispositive issues raised in Chase's Motion to Dismiss.

9. This motion is not brought for any improper purpose. Chase is not asking this Court to suspend ongoing discovery. Similarly, Chase is not seeking any kind of undue delay in these proceedings; instead, Chase is asking the Court to preserve the status quo and conserve the parties' resources while a dispositive motion is pending.

10. In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, undersigned counsel certifies that on December 3, 2020, he conferred with Alexander Passo, counsel for Plaintiff Jay Li, regarding this motion. Plaintiff's counsel does not consent to the requested stay of discovery.

WHEREFORE, for all of the foregoing reasons, Chase respectfully requests that the Court enter an Order granting this motion and awarding all other relief that it deems just and reasonable.

4

Dated: December 3, 2020  JPMorgan Chase Bank, N.A.

By: */s/ Brian D. Straw*
      One of Its Attorneys

Jonathan H. Claydon
Brian D. Straw
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
claydonj@gtlaw.com
strawb@gtlaw.com

5

## **CERTIFICATE OF SERVICE**

      I, Brian D. Straw, an attorney, certify that I electronically filed Defendant JPMorgan Chase Bank, N.A.'S Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on December 3, 2020.

                                  */s/ Brian D. Straw*
                                  Attorney for Defendant